REID E. DAMMANN (SBN: 249031)
rdammann@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
WELLSPACE HEALTH

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LATASHA MIXON and ROSANA KORMAN, individually, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WELLSPACE HEALTH, a California corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:24-cv-02290-DJC-CSK

Assigned to: Hon. Daniel J. Calabretta

**DEFENDANT WELLSPACE'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# TABLE OF CONTENTS

I. INTRODUCTION....1

II. STATEMENT OF FACTS....2

III. ARGUMENT....4

A. PLAINTIFFS DO NOT HAVE STANDING TO SUE AS THEY HAVE FAILED TO ALLEGE AN INJURY IN FACT....4

B. PLAINTIFFS HAVE FAILED TO STATE ANY COGNIZABLE CLAIMS, WARRANTING DISMISSAL OF THEIR COMPLAINT WITH PREJUDICE.6

1. Plaintiff has Failed to State a Claim Under the California Invasion of Privacy Act ("CIPA") (Count I)....6

a) Plaintiffs Have Not Adequately Plead Direct Violations of Section 631(a)....7

b) Plaintiffs have Not Sufficiently Alleged Aiding-and-Abetting Liability Against WellSpace....8

c) Plaintiffs have Failed to Allege the Contents of Their Communications 11

d) Plaintiffs have Failed to Plead their Communications Were Intercepted in Transit....12

2. Plaintiff has Failed to State a Claim for Unjust Enrichment....14

3. Plaintiffs has No Standing to bring a Claim Under the California Unfair Competition Law ("UCL") and Have Otherwise Failed to Establish the Elements of Such a Claim....15

IV. CONCLUSION....18

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**CASES**


*Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009) 6

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) 14

*Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967 (Cal. Super. Jan. 5, 2023) 13

*Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023), *reh'g denied*, No. 22-1892, 2023 WL 6144390 (7th Cir. 2023) 5

*Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) 6, 10

*Byars v. Hot Topic, Inc.*, No. 5:22-cv-01652, 2023 WL 2026994, at *8 (C.D. Cal. Feb. 14, 2023) 8

*Campbell v. Facebook*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) 16

CIPA Section 631(a) passim

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) 5

*Cody v. Boscov's*, --- F. Supp. 3d ---, 8:22-CV-01434, 2023 WL 2338302 at *2 (C.D. Cal. Mar. 2, 2023) 8, 10

*Cousin v. Sharp Healthcare*, No. 22-cv-2040-MMA (DDL), 2023 WL 4484441, at *3 (S.D. Cal. July 12, 2023) 2, 11

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652-53 (9th Cir. 2019) 6

*Esparza v. Lenox Corp.*, 2023 WL 2541352, at *2 (N.D. Cal. Mar. 16, 2023) 8, 10

*Facebook Consumer Privacy*, 402 F. Supp. 3d at 804 16

*Garcia v. Build.com, Inc.*, 3:22-cv-01985, 2023 WL 4535531, at *8 (S.D. Cal. Jul. 13, 2023) 11

*Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1093 (N.D. Cal. 2018) 16

*Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021) 8, 9

*In re BPS Direct, LLC*, 2023 WL 8458245, at *13 (E.D. Pa. Dec. 5, 2023) 5

*In re Google Inc.*, No. 5:13-MD-02430-LHK, 2013 WL 5423918, at *15 (N.D. Cal. Sep. 26, 2013) 7

*In re Intelligent Direct Marketing*, 518 B.R. 579, 590 (E.D. Cal., Sept. 19, 2014) 14

*Johnson v. Blue Nile, Inc.*, No. 3:20-cv-08183, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) 9

*Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) 14, 15, 16

*Kurowski v. Rush Sys. for Health*, No. 22 C 5380, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023) 2

*Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011) 15

*Lenox Corp.*, 2023 WL 2541352 8

*Licea v. Cinmar, LLC*, --- F. Supp. 3d ---, No. 2:22-cv-06454, 2023 WL 2415592, at *7 (C.D. Cal. Mar. 7, 2023) 8, 10, 12

*Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355, 2023 WL 2717636, at *6-11 (E.D. Cal. Mar. 30, 2023) 9

*Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) 7, 12

*Mastel*, 549 F. Supp. 3d at 1134 7

*Moore v. Centrelake Med. Grp., Inc.*, 83 Cal. App. 5th 515, 540-41 & n.13, 299 Cal.Rptr.3d 544 (2022) 16

*Neinaber, et al v. Overlake Hospital Med. Ctr.*, No. C23-1159TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024) 2

*NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014) 13

*Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) 16

*Rodriguez v. Google LLC*, No. 20-CV-04688, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) 13

*Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) 8

*Roper v. Rise Interactive Media & Analytics*, LLC, 2023 WL 7410641, at *4 (N.D. Ill. Nov. 9, 2023) 5

*Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231, 166 Cal.Rptr.3d 864 (2014) 14

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal.App.4th 861, 886–87, 85 Cal.Rptr.2d 301 (1999) 17

*Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) 2

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) 5

*Stark v. Patreon, Inc.*, 635 F.Supp.3d 841, 854 (N.D. Cal. Oct., 13, 2022) 16, 17

*Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 730 (N.D. Cal. 2014) 16

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) 17

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

*Tavernetti v. Superior Court of San Diego Cnty.*, 22 Cal. 3d 187, 192 (1978) 7

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) 4

*Valenzuela v. The Kroger Co.*, No. 2:22-cv-06382, 2023 WL 4418887, at *3 (C.D. Cal. June 23, 2023) 9, 12

*Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) 8

*Warth v. Seldin*, 422 U.S. 490, 502 (1975) 4

*Williams v. What If Holdings, LLC*, No. 3:22-cv-03780, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) 7, 8, 9

*Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) 4

*Yale v. Clicktale, Inc.*, No. 3:20-cv-07575, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) 9

**STATUTES**

28 U.S.C. § 1442(a)(1) 4

42 U.S.C. § 254(b) 3

Cal. Bus. & Prof. Code § 17200 15

Cal. Bus. & Prof. Code § 17204 15

Cal. Penal Code § 631(a) 7

**RULES**

Federal Rule of Civil Procedure 12(b)(1) vi, 4

Federal Rule of Civil Procedure 12(b)(6) 6

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on January 9, 2025 at 1:30 p.m. in Courtroom 10, 13th Floor, of the United States District Court, Eastern District of California, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Defendant WELLSPACE HEALTH ("Defendant" or "WellSpace") will and hereby does move this Court for an Order dismissing with prejudice all counts against WellSpace in the Complaint filed by Plaintiffs LATASHA MIXON ("Plaintiff Mixon") and ROSANA KORMAN ("Plaintiff Korman) (collectively as "Plaintiffs") on behalf of themselves and all others similarly situated. This Motion is brought pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Hon. Daniel J. Calabretta's Standing Order Section I(C), the undersigned certifies that meet and confer efforts have been exhausted with respect to the instant motion and overall resolution of this matter. Counsel for Plaintiff and WellSpace met and conferred on October 15, 2024, at which time they discussed the merits of the subject motion.

This Motion is based on the Notice of Motion and the attached Memorandum of Points and Authorities and upon the papers, records, and pleadings on file herein.

Dated: October 18, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Reid Dammann
Reid Dammann, Esq.
Brian Middlebrook, Esq. – *pro hac vice incoming*
Justin Holmes, Esq. – *pro hac vice incoming*
Alexandra Mormile, Esq. – *pro hac vice incoming*
Attorneys for Defendant
WELLSPACE HEALTH

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant WellSpace respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs' Complaint.

## I. INTRODUCTION

Plaintiffs seek recovery from WellSpace on the flawed theory that WellSpace improperly disclosed its patient's personal health information ("PHI") and personally identifiable information ("PII") (collectively, "Sensitive Information") to Google LLC d/b/a Google ("Google") through tracking pixels (the "tracking pixel" or "pixel") into WellSpace's publically accessible Online Platforms, which Plaintiffs voluntarily accessed and utilized. Here, Plaintiffs attempt to ride on the coat tails of the explosion of national data breach and pixel tracking class action lawsuits alleging a string of hypothetical acts and corresponding theoretical harms—even though the Plaintiffs here have suffered absolutely no cognizable damages as a result of WellSpace's alleged pixel usage. Unlike a traditional data breach lawsuit: (1) there was no criminal actor, no bad intent, and no intrusion into WellSpace's systems and, more significantly, and (2) this is not a case about Sensitive Information at all, much less a case about personally identifiable Sensitive Information. Indeed, Plaintiffs' Complaint is based solely on Plaintiffs' ***voluntary*** use and access of a ***publicly facing website***—and now claiming that WellSpace somehow tracked their use of the website and disclosed data about that usage to alleged third parties.

Fatal to the Complaint, Plaintiffs do not allege: (1) any concrete actual injury suffered as a result of the WellSpace's alleged use of the pixels; (2) what, if any, Sensitive Information was allegedly transferred, and how it was connected to Plaintiffs individually; (3) that it was *in fact* actually transferred; and (4) that it was being shared to the public at large. Instead, Plaintiffs make conclusory allegations about Google advertisements—speculating they had something to do with

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Plaintiffs' browsing history on WellSpace's publicly facing website, despite not alleging any facts specific to their interactions with the website.

Indeed, Plaintiffs' claims closely resemble numerous lawsuits nationwide filed against

healthcare providers and other entities based on the alleged use of third-party pixels on their public websites; which federal courts across the country, including in the 9th Circuit and California District Courts, have routinely dismissed. *See Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018), aff'g *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954-55 (N.D. Cal. 2017) ("Information available on publicly accessible websites stands in stark contrast to the personally identifiable patient records and medical histories protected by these statutes— information that unequivocally provides a window into an individual's personal medical history."); *see also Kurowski v. Rush Sys. for Health*, No. 22 C 5380, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023). ("The type of metadata that Kurowski alleges was transmitted via third-party source code does not in the least bit fit into [the PHI] category."); *Cousin v. Sharp Healthcare*, No. 22-cv-2040-MMA (DDL), 2023 WL 4484441, at *3 (S.D. Cal. July 12, 2023) ("[T]his type of data collection is not considered "Protected Health Information" because nothing about [the] information relates specifically to Plaintiffs' health and the information is general health information that is accessible to the public at large."); *Neinaber, et al v. Overlake Hospital Med. Ctr.*, No. C23-1159TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024). Accordingly, as held by California District Courts on numerous occasions, Plaintiffs here have neither Article III standing to bring their claims, nor have they sufficiently alleged any actionable claim under California law.

## II. <u>STATEMENT OF FACTS</u>

Plaintiffs concede that they voluntarily visited WellSpace's publically facing website that provides free information about WellSpace's facilities and services, as

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

alleged in Plaintiffs' Complaint annexed hereto as Exhibit A.[1] Generally, Plaintiffs allege that they voluntarily interacted with WellSpace's website to "find doctors, schedule appointments, pay bills, search for resources by condition, and access their WellSpace Health Connect – Patient portal." Exhibit A, ¶ 2. Specifically, however, both Plaintiffs allege only that they are WellSpace patients who were treated for "a number of conditions" – without specifying in any way what these conditions were/are. *Id.* at ¶ 12-13. Further, they allege they use WellSpace's online platforms to make appointments, access the patient portal and exchange messages with providers. *Id.* Notably, however, Plaintiffs *never* allege that they have received targeted ads from their interactions with WellSpace's website, nor do they *allege with any particularity* how their website usage caused them any damage whatsoever. *See e.g., id.* Instead, they only generally and speculatively allege that Google intercepted their Sensitive information, without providing any factual basis for that conclusory allegation or tying their specific website usage to these allegations. *Id.* ¶ 4. Similarly, while Plaintiffs devotes significant discussion in the Complaint to allegations related to "searches," Plaintiffs do not allege they performed actual specific searches into WellSpace's publicly facing website—much less alleging the when, how, and what was searched for. *See e.g., id.* ¶¶ 37-49. Plaintiffs' lack of factual allegations regarding *actual website interaction* are insufficient to establish the causes of action pled in the Complaint.

Further, and importantly, WellSpace is a federally funded Health Center Program grantee under Section 330(e) of the Public Health Service Act. *See* 42 U.S.C. § 254(b), *et seq.* As such, and at all relevant times herein, WellSpace applied for and received federal status as a "deemed" U.S. PHS employee for purposes of protection afforded by 42 U.S.C. § 233(a), and further, 28 U.S.C. § 1346. Under

[1] Plaintiffs attempt to create the illusion that WellSpace somehow failed to maintain the confidentiality of doctor-patient information in this Complaint, however, *none* of Plaintiffs' allegations actually involve Sensitive Information shared while seeking medical treatment.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

these provisions, WellSpace, and other deemed employees under the PHS umbrella, are entitled to immunity from *any* civil action or proceeding resulting from their performance or failure to perform medical or related functions within the scope of its employment. 42 U.S.C. § 233(a), (g), and (h). After filing its Notice of Claim with the Department of Health and Human Services ("HHS"), WellSpace removed this matter to federal court pursuant to PHS Law and federal officer removal under 28 U.S.C. § 1442(a)(1), which Plaintiffs have opposed in a pending motion to remand. At this time, WellSpace awaits HHS's decision to the United States' Attorney's office on whether WellSpace's federal immunity will apply to the instant action.

## III. ARGUMENT

### A. PLAINTIFFS DO NOT HAVE STANDING TO SUE AS THEY HAVE FAILED TO ALLEGE AN INJURY IN FACT.

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for Article III standing, which the court would consider to be a lack of subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). A motion to dismiss for lack of subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a "facial attack") or present affidavits or other evidence that contest the truth of the allegations in the pleadings (a "factual attack"). *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

To have standing a plaintiff must show: (1) an injury in fact; (2) traceable to the defendant; and (3) redressable by judicial relief. *Lujan*, 504 U.S. at 560. Plaintiff needs "standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). In a putative class action, each named plaintiff must demonstrate that "they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). Further, an adequate injury in

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

fact is "concrete, particularized, and actual or imminent." *Transunion*, 141 S.Ct. at 2203. It must be "real," rather than "abstract." *Id*. (*quoting Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Indeed, concreteness is essential: "[n]o concrete harm, no standing." *TransUnion*, 141 S. Ct. at 2200. When that concreteness exists it, "ensure[s] that the alleged injury is not too speculative." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). An injury is imminent only where the threat of future harm is "certainly impending;" and the mere possibility of a future injury is not sufficient to confer standing. *Id*.

Here, Plaintiffs have not identified any concrete, particularized harm sufficient to confer standing. *See e.g. In re BPS Direct, LLC*, 2023 WL 8458245, at *13 (E.D. Pa. Dec. 5, 2023)(finding that Plaintiff in a pixel case, "who did not disclose highly sensitive information such as medical diagnosis information or financial data from banks or credit cards cannot establish concrete harm" and did not have standing); *see also Roper v. Rise Interactive Media & Analytics*, LLC, 2023 WL 7410641, at *4 (N.D. Ill. Nov. 9, 2023)(only finding standing where Plaintiff identified with particularity sensitive information allegedly stolen in the course of a data breach); *Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023), *reh'g denied*, No. 22-1892, 2023 WL 6144390 (7th Cir. 2023)(finding no standing where Plaintiff inflicted "harm on themselves based on their fears of hypothetical future harm that is not certainly impending" and reiterating that, "worry and anxiety are not the kind of concrete injury essential to standing").

Plaintiffs' conclusory allegation that they were "harmed (and continue to [be] harmed)" is their *only* allegation of an injury in the Complaint. Exhibit A at ¶ 8. While Plaintiffs allege that they are *entitled* to monetary damages, punitive damages, and injunctive relief, they do not allege any specific example of how WellSpace's purported use of Google Analytics has harmed them in any way, shape, or form—demonstrating a lack of any concrete harm suffered. *Id*. Further,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Plaintiffs' failure to specifically allege exactly how, when, and what Sensitive Information was entered into the WellSpace online platform makes it impossible to "trace" his interactions with WellSpace's website to any "damages" he suffered—much less to the non-specific purely speculative allegations of harm that he alleges. Accordingly, as Plaintiffs' Complaint is nothing more than vague allegations failing to allege any actual injury-in-fact, Plaintiffs have no standing and their Complaint should be dismissed with prejudice.

**B. PLAINTIFFS HAVE FAILED TO STATE ANY COGNIZABLE CLAIMS, WARRANTING DISMISSAL OF THEIR COMPLAINT WITH PREJUDICE.**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652-53 (9th Cir. 2019). Applying the foregoing standards, Plaintiffs have failed to state a claim herein.

**1. Plaintiff has Failed to State a Claim Under the California Invasion of Privacy Act ("CIPA") (Count I)**

Count I asserts a violation of Section 631(a) of CIPA - the "wiretap" section. The California Supreme Court has explained that Section 631(a) of CIPA makes unlawful "three distinct and mutually independent patterns of conduct: [1]

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

intentional wiretapping [of any telegraph or telephone], [2] wilfully (*sic*) attempting to learn the contents or meaning of a communication in transit over a wire, and [3] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Williams v. What If Holdings, LLC*, No. 3:22-cv-03780, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (quoting *Tavernetti v. Superior Court of San Diego Cnty.*, 22 Cal. 3d 187, 192 (1978)); *see also* Cal. Penal Code § 631(a); *accord Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021); *In re Google Inc.*, No. 5:13-MD-02430-LHK, 2013 WL 5423918, at *15 (N.D. Cal. Sep. 26, 2013). Section 631(a) includes a fourth basis ("Clause Four" or "Fourth Clause") for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." *Mastel*, 549 F. Supp. 3d at 1134 (quoting Cal. Penal Code § 631(a)) (internal quotations omitted). Thus, by its plain language, there can only be a vicarious liability violation under Clause Four if there is a violation of Clauses One, Two, or Three by a third party. *See id.* at 1137.

Plaintiffs allege WellSpace is liable under Clause Two and Clause Three, and is vicariously liable as an aider and abettor under Clause Four. Exhibit A at ¶¶ 58-67. Plaintiffs claim WellSpace is derivatively liable when WellSpace allegedly "aided, employed, agreed with, and/or conspired with Google to track and intercept Plaintiffs' and Class Members' communications while they used WellSpace's website … without [Plaintiffs'] knowledge or consent…" Exhibit A at ¶ 61. Plaintiffs' claims fail for several reasons.

***a) Plaintiffs Have Not Adequately Plead Direct Violations of Section 631(a).***

The law is well-settled that "[p]arties to a conversation cannot eavesdrop on their own conversation," which prevents direct liability under Section 631(a) here. *Williams*, 2022 WL 17869275, at *2; *see also Esparza v. Lenox Corp.*, 2023 WL

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

2541352, at *2 (N.D. Cal. Mar. 16, 2023). Courts, including the Northern and Central District Courts of California, have routinely affirmed this finding. *See Williams*, 2022 WL 17869275, at *2; *Byars v. Hot Topic, Inc.*, No. 5:22-cv-01652, 2023 WL 2026994, at *8 (C.D. Cal. Feb. 14, 2023); *Lenox Corp.*, 2023 WL 2541352, at *2; *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (finding that Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation"); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (holding that Section 631 does not apply to a party to a conversation because "it is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation"); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021) (holding that "a party to a communication can record it (and it is not eavesdropping when it does)"). Accordingly, Plaintiffs cannot establish a violation of section 631(a) because WellSpace was a party to any "communications" Plaintiffs allege in this case—the information that Plaintiff voluntarily input into Defendant's publically available website.

#### ***b) Plaintiffs have Not Sufficiently Alleged Aiding-and-Abetting Liability Against WellSpace***

California state and federal courts have held that a tool that records data, like Google Analytics, is not "eavesdropping" when the recording is for the website owner. Indeed, a plaintiff cannot proceed on an aiding and abetting theory predicated only upon the mere use of a mere software tool. *Williams*, 2022 WL 17869275, at *3-4; *Cody v. Boscov's*, --- F. Supp. 3d ---, 8:22-CV-01434, 2023 WL 2338302 at *2 (C.D. Cal. Mar. 2, 2023); *Lenox*, 2023 WL 2541352, at *2-3; *Hot Topic*, 2023 WL 2026994, at *9-10; *Licea v. Cinmar, LLC*, --- F. Supp. 3d ---, No. 2:22-cv-06454, 2023 WL 2415592, at *7 (C.D. Cal. Mar. 7, 2023); *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355, 2023 WL 2717636, at *6-11 (E.D. Cal.

Mar. 30, 2023), *report and recommendation adopted in full*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023); *Valenzuela v. The Kroger Co.*, No. 2:22-cv-06382, 2023 WL 4418887, at *3 (C.D. Cal. June 23, 2023). This is the exact same aiding-and-abetting theory that Plaintiffs pursue here, and as such, this Court should adopt the rationale of these other courts and dismiss these claims.

Indeed, the factual predicate alleged in Plaintiffs' Complaint is virtually identical to the facts alleged in *Williams*, where the Northern District of California dismissed plaintiff's CIPA claim in a pixel litigation. *Williams*, 2022 WL 17869275 at *3-4. The software in *Williams* allegedly "had the ability to document a website visitor's keystrokes and mouse movements as they happened and then create a video replay of the website visitor's interactions with the website." *Id.* at *1. The *Williams* Court held the question on whether the defendant was liable under the aidor and abettor theory is "whether [the vendor] was an independent third party hired to eavesdrop on [the website owner]'s communications, or whether [the vendor]'s software was merely a tool that [the website owner] used to record its own communications with [the] plaintiff." *Id.* at *3. The *Williams* Court found that "there are no facts to suggest that [the vendor] 'intercepted and used the data itself.'" *Id.* For this reason, that court dismissed the claims and held the software provider tool at issue more resembled that of a physical recorder than an eavesdropper. *Id.* at *4; *see also Graham*, 533 F. Supp. 3d at 832 (dismissing a CIPA claim where there were "no allegations [] that [the vendor] intercepted and used the data itself"); *accord Yale v. Clicktale, Inc.*, No. 3:20-cv-07575, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) (same); *Johnson v. Blue Nile, Inc.*, No. 3:20-cv-08183, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) (same).

Here, Plaintiff explicitly alleges that WellSpace allegedly obtained Google's data (as a third party software) to optimize its own marketing and revenue. Exhibit A at ¶¶ 6, 65. Plaintiff does not allege that it has (1) seen WellSpace advertisements,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

or (2) received targeted ads for WellSpace. Nowhere in the Complaint are there allegations demonstrating "interception" of these data by any third party—much less allegations that Defendant shared or sold such date. Plaintiffs threadbare general allegations about Google and the "implication" of some wrongdoing is not the same as alleging actual facts demonstrating actual interception. Indeed, the Complaint lacks any of allegations of how Google uses the data for its own benefit; accordingly—Plaintiffs have failed to state a CIPA Claim under Clause Four.

Further, Plaintiffs' conclusory allegations that WellSpace benefitted financially from this alleged interception are not sufficient to establish aider and abettor liability here. Exhibit A at ¶ 57. Courts have held that vague allegations of financial benefit, like those alleged in Plaintiffs' Complaint, from the collection of data are insufficient to convert a software or service provider to an "eavesdropper" under CIPA. *See Cinmar*, 2023 WL 2415592, at *9 ("The bare allegations only suggest that the third party analyzed or used the data on behalf of or in tangent with Defendant.")

Similar allegations to those pled in this cases as support for a CIPA claim have consistently been rejected by California courts. In *Hot Topic*, the Court found that allegations that "Defendant allows at least one independent third-party vendor . . . to access its chat communications" following by an allegation that a third party "harvests data for financial gain," constituted "a mere conclusion" that must be "disregarded under *Twombly* and *Iqbal*." 2023 WL 2026994, at *10; *see also Lenox*, 2023 WL 2541352, at *3. Similarly, in *Boscov's*, the Court dismissed a similar complaint that relied on allegations similar to the ones asserted here because "[p]laintiff must provide facts suggesting that [third-parties] are recording [d]efendant's customers' information for some use or potential future use beyond simply supplying this information back to [d]efendant" and had not done so. *Cody v. Boscov's*, --- F. Supp. 3d ---, 8:22-CV-01434, 2023 WL 2338302 at *2 (C.D. Cal.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Mar. 2, 2023).

Here, Plaintiffs' conclusory allegations about Google's alleged interception of their Sensitive Information is unsupported by any factual support. Indeed, Plaintiffs' allegations establish nothing more than the fact that WellSpace allegedly installed Google Analytics to record its own data. *See Garcia v. Build.com, Inc.*, 3:22-cv-01985, 2023 WL 4535531, at *8 (S.D. Cal. Jul. 13, 2023) (dismissing another of Plaintiffs' counsel's CIPA claims where "[a]t best, [the] allegation suggests that Defendant employs a third-party software service as a tool to record its own data"). Accordingly, Plaintiffs' CIPA claim must be dismissed.

***c) Plaintiffs have Failed to Allege the Contents of Their Communications***

Plaintiffs also allege violations of Clause Two, which penalizes a person who "reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication." Pen. Code § 631(a) (emphasis added). Specifically, Plaintiffs allege that they visited WellSpace's website to, make appointments, access the patient portal and exchange messages with providers. Exhibit A at ¶ 12-13. These bare bones conclusory statements, however, are the only "facts" alleged by Plaintiffs about their own experience. Significantly, Plaintiffs has never provided any details of any "messages" they engaged in, have never asserted what the content of that communication was—much less that it contained Sensitive Information, and never claimed to have provided any confidential information during their website usage.

Indeed, Plaintiffs never allege that their interactions with WellSpace were confidential, and never allege that they received targeted marketing or suffered harm. Accordingly, Plaintiffs' CIPA claims should be dismissed on that basis alone. *See, e.g., Cousin v. Sharp Healthcare*, --- F. Supp. 3d. ---, 3:22-cv-02040, 2023 WL 4484441, at *9-10 (S.D. Cal. July 12, 2023) (dismissing CIPA claim for failure to

allege contents of communication regarding alleged disclosure of patients' sensitive health information to Meta through use of an internet tracking tool, Meta Pixel).

***d) Plaintiffs have Failed to Plead their Communications Were Intercepted in Transit.***

Plaintiffs have not plausibly alleged Google intercepted communications "while in transit" as required to state a claim under CIPA. Specifically, Plaintiffs must plead that a third party read their communications while in transit, i.e., "before it reached its intended recipient." *Mastel*, 549 F. Supp. 3d at 1137 (emphasis added).

Section 631(a) requires proof that a third party listened to a communication "while the same is in transit or passing over any wire, line, or cable." *Heiting v. Taro Pharms. USA, Inc.*, (Heiting II), No. 2:23-CV-08002, 2024 WL 1626114, at *8 (C.D. Cal. Apr. 2, 2024) (emphasis in original); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) (noting Section 631(a) requires "real time interception"). Courts within the Ninth Circuit have interpreted the "in transit" requirement of Section 631(a) "narrowly." *Licea v. Cinmar, LLC*, ("Licea I") 659 F. Supp. 3d 1096, 1109 (C.D. Cal. 2023). In *Licea I*, the court dismissed a CIPA claim because the complaint's allegations regarding interception were conclusory. Specifically, the court held that allegations that "the third party . . . secretly intercept[s] in real time, eavesdrop[s] upon, and store[s] transcripts" and that the defendant "automatically records and creates transcripts of all such private conversations" were bare allegations that "do not specifically allege that Plaintiff's messages were intercepted while in transit." *Id.* at 1110 (emphasis added); *see also Licea II*, 659 F. Supp. 3d at 1085 (rejecting allegation that "the third party . . . secretly intercept[s] (during transmission and in real time") as conclusory and "does not allege specific facts as to how or when the interception takes place"). Plaintiffs' allegations in this case mirror those in *Licea* and are insufficient to establish a CIPA claim.



Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Indeed, in the context of "modern internet communications," courts have recognized the speed at which communications are sent and have held that application of wiretapping statutes to such communications is "undoubtedly limited." *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014). There is only an incredibly "'narrow window'" during which interception could occur. Id. at 951-52 (quoting *United States v. Steiger*, 318 F.3d 1039, 1050 (11th Cir. 2003)).

Here, while Plaintiffs use the word "intercept" throughout the Complaint, repetitious use of the word "is simply not enough without the addition of specific facts that make it plausible" that their data was intercepted in transit. *Rodriguez v. Google LLC*, No. 20-CV-04688, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022). Although Plaintiffs provide general background information about Google Analytics (Exhibit A at ¶¶ 27-36), Plaintiffs do not allege how, when or what Google intercepted as far as communications in real time regarding Plaintiffs. Accordingly, their Complaint is deficient, as recognized in a case where nearly identical allegations were found insufficient to establish an interception. *See Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967 (Cal. Super. Jan. 5, 2023). In that case, the plaintiff also alleged that Facebook Pixel "surreptitiously direct[ed] the user's browsers to send a separate message to Facebook's servers." *Id.* at *5. Further, the plaintiff also alleged that "Facebook instruct[ed] the browsers to secretly duplicate the unwitting individual's communication" with the website, "transmitting it to Facebook's servers, alongside additional information that transcribes the communication's content and the individual's identity." *Id.* Appreciating the lack of interception, the court found that "the duplication and sending of Facebook's secret code happens after the requests reach it destination," i.e., the website owner's server. *Id.* (emphasis added). Here too, the allegations brought forth by Plaintiffs fail to allege an interception in transit or that the

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

defendant attempted to learn of the information while in transit—accordingly, the court should dismiss the CIPA claim as the court did in *Barbour*. Plaintiffs' theory is really "one of recording and then transmission, not interception." *Rodriguez*, 2022 WL 214552 at *1. Such a theory does not support liability under Section 631(a) and consequently, Count I must be dismissed.

**2. Plaintiff has Failed to State a Claim for Unjust Enrichment**

Plaintiffs have failed to state a claim for unjust enrichment. Plaintiffs erroneously claim WellSpace was unjustly enriched when it alleged took Plaintiffs' data, transmitted it to Google, received Google's analytics regarding this data, and promoted advertisements from that data. Exhibit A at ¶ 69. Under California law, "[t]he elements of unjust enrichment are: (1) the receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another." *In re Intelligent Direct Marketing*, 518 B.R. 579, 590 (E.D. Cal., Sept. 19, 2014). Further, in "in California, there is not a standalone cause of action for 'unjust enrichment,' " *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.' " *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231, 166 Cal.Rptr.3d 864 (2014)); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023). Importantly, to succeed on unjust enrichment, "California law requires disgorgement of unjustly earned profits regardless of whether a defendant's actions caused a plaintiff to directly expend his or her own financial resources or whether a defendant's actions directly caused the plaintiff's property to become less valuable." *Facebook Tracking*, 956 F.3d at 600.

Plaintiffs do not sufficiently plead that WellSpace has retained a benefit at Plaintiffs' expense. *First*, as California law treats unjust enrichment like a quasi-contract claim, this claim fails because Plaintiffs were never in privity with

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

WellSpace, nor do they ever allege to have such a relationship through some corresponding contractual causes of action. *Second*, as addressed previously, Plaintiffs have not plead that they have either expended their own resources or shown that their Sensitive Information has become less valuable. *Katz-Lacabe v. Oracle America, Inc.*, 668 F/ Supp.3d 928, 946 (N.D. Cal., April 6, 2023)(dismissing Plaintiffs' unjust enrichment claim in pixel tracking class action because plaintiffs did not adequately plead diminution in value of property). As such, this Court should dismiss Plaintiffs' unjust enrichment claim.

**3. Plaintiffs has No Standing to bring a Claim Under the California Unfair Competition Law ("UCL") and Have Otherwise Failed to Establish the Elements of Such a Claim.**

Similar to the arguments set forth in Section III(A) regarding Plaintiffs' lack of Article III standing, Plaintiffs have no standing under UCL. The UCL provides a cause of action to challenge any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Katz-Lacabe*, 668 F. Supp. 3d at 943. Specifically, UCL limits standing to those who have "suffered injury in fact and ha[ve] lost money or property as a result of ... unfair competition." Cal. Bus. & Prof. Code § 17204. Thus, "[t]o satisfy the narrower standing requirements imposed by [§ 17204], a party must ... (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact ... and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice ... that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011) (emphasis in original).

Plaintiffs have not alleged any specific economic injuries anywhere in the Complaint, relying only upon vague assertions of economic injury. Such vague allegations of economic injury from misappropriation of their personal data is not enough to establish standing here. *See Pruchnicki v. Envision Healthcare Corp.*,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

845 F. App'x 613, 615 (9th Cir. 2021)*; see also Moore v. Centrelake Med. Grp., Inc.*, 83 Cal. App. 5th 515, 540-41 & n.13, 299 Cal.Rptr.3d 544 (2022); *Facebook Consumer Privacy*, 402 F. Supp. 3d at 804 (distinguishing a company's gain of money through sharing or use of Plaintiffs' information from a claim that Plaintiffs actually lost money and dismissing Plaintiffs' theory of economic loss as "purely hypothetical")*; Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1093 (N.D. Cal. 2018) ("However, the sharing of names, user IDs, location and other personal information does not constitute lost money or property for UCL standing purposes.")(citing *Campbell v. Facebook*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014)*; Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 730 (N.D. Cal. 2014) (finding that Plaintiff could not proceed with UCL claim because she had "not alleged any facts showing that Defendants' business practice—disclosing users' Contact Information to third-party App vendors—changed her economic position at all")*; Katz-Lacabe*, 668 F. Supp. 3d at 943–44. As Plaintiffs have not alleged a specific economic loss, Plaintiffs' UCL claims must be dismissed.

Moreover, even if this Court finds Plaintiffs have standing to sue under UCL, which it cannot, Plaintiffs claim still fails as they have not adequately stated a claim. Plaintiffs allege that "by placing Google Analytics on its website and permitting it to intercept patients' private medical information, WellSpace engaged in unlawful and unfair acts and practices prohibited by the UCL." Exhibit A at ¶ 77. To succeed on a claim under UCL, in addition to standing, a plaintiff must allege an unlawful, unfair or fraudulent act, none of which Plaintiffs have alleged. *Stark v. Patreon, Inc.*, 635 F.Supp.3d 841, 854 (N.D. Cal. Oct., 13, 2022).

*First*, Plaintiffs have not adequately alleged an unlawful act. "Unlawful acts are anything that can properly be called a business practice and that at the same time is forbidden by law ... be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made, where court-made law is, for example a violation of a

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

prior court order." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (ellipsis in original) (citations and internal quotation marks omitted). Plaintiffs do not cite any laws or statutes in Count III that they claim WellSpace violated. To the extent Plaintiffs stretch the allegations in their Complaint to allege that the "unlawful" act is WellSpace's purported violation of CIPA, Plaintiffs have similarly failed to state a claim thereunder. *See* Section III (B)(1).

*Second*, Plaintiffs have also not adequately alleged an unfair act under UCL. For *consumers*, like Plaintiffs, the test is for whether an act is "unfair" encompasses business practices that "offend[ ] an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *See In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 797–98 (N.D. Cal. 2017) (quoting *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal.App.4th 861, 886–87, 85 Cal.Rptr.2d 301 (1999)); *Stark*, 635 F. Supp. 3d at 854. Plaintiffs allege that WellSpace's alleged actions have offended public policy, and as such, they are considered "unfair" under UCL. For the reasons set forth above, Plaintiffs cannot establish that WellSpace obtained its patient's data and transferred it to Google. Plaintiffs' baseless allegations do not trace any allegations to their purported interactions with the website. Moreover, Plaintiffs' claims arise out of their voluntary interactions with WellSpace's website. Finally, Plaintiffs' fail to plead the requisite economic damages in order to succeed on these claims.

As such, Plaintiffs do not have standing to bring this claim nor do they state a claim here. As such, this claim must be dismissed.

///

///

///

///

///

## IV. CONCLUSION

For the reasons stated herein, WellSpace respectfully requests this Court grant WellSpace's motion to dismiss, or in the alternative, stay the proceedings until a determination regarding the United States' involvement in the matter has been reached.

Dated: October 18, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Reid Dammann*
Reid Dammann, Esq.
Attorneys for Defendant
WELLSPACE HEALTH

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. On October 18, 2024 I served the within documents:

**DEFENDANT WELLSPACE'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**

☒ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below.

☒ **ELECTRONIC TRANSMISSION:** By transmitting a pdf.format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

| | |
|---|---|
| **ELECTRONIC TRANSMISSION**<br>Daniel J. Mogin, Esq.<br>Timothy Z. LaComb, Esq.<br>MOGINRUBIN LLP<br>600 West Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel: (619) 687-6611; Fax: (619) 687-6610<br>dmogin@moginrubin.com<br>tlacomb@moginrubin.com<br>*Attorneys for Plaintiffs* | **ELECTRONIC TRANSMISSION**<br>Andrew D. Bluth, Esq.<br>Christopher R. Rodriguez, Esq.<br>SINGLETON SCHREIBER, LLP<br>1414 K Street, Suite 470<br>Sacramento, CA 95814<br>Tel: (916) 248-8478; Fax: (619) 255-1515<br>crodriguez@singletonschreiber.com<br>abluth@singletonschreiber.com<br>*Attorneys for Plaintiffs* |
| **BY MAIL**<br>Don Bivens, Esq.<br>DON BIVENS PLLC<br>15169 N. Scottsdale Road, Suite 205<br>Scottsdale, AZ 85254<br>Tel: (602) 708-1450<br>*Pro Hac Vice*<br>*Attorneys for Plaintiffs* | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 18, 2024, at Los Angeles, California.

/s/ Erika Facundo
ERIKA FACUNDO