Justin M. Holmes, *pro hac vice*
GORDON REES SCULLY MANSUKHANI, LLP
jholmes@grsm.com
Three Logan Square, 1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone: (212) 453-0787

Alexandra M. Mormile, *pro hac vice*
amormile@grsm.com
One Battery Park Plaza – Floor 28
New York, New York 10004
Telephone: (845) 709-7688

REID E. DAMMANN (SBN: 249031)
rdammann@grsm.com
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
Telephone: (213) 576-5000

Attorneys for Defendant
WELLSPACE HEALTH

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LATASHA MIXON and ROSANA KORMAN, individually, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WELLSPACE HEALTH, a California corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:24-cv-02290-DJC-CSK

**DEFENDANT WELLSPACE'S OPPOSITION TO UNITED STATES' MOTION FOR RECONSIDERATION**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## I. INTRODUCTION

As confirmed in *Blumberger v. Tilley*, 115 F. 4th 1113 (9th Cir. 2024), and this Court's February 14, 2025 Order, the United States was required to remove this action upon appearing in the state Court action and certifying Defendant WellSpace Health ("WellSpace") was "deemed" to be an "employee of the Public Health Service." *See* 42 U.S.C. § 233(c), (*l*)(2); *see also* ECF No. 8-2 ¶ 3. Despite controlling Ninth Circuit authority, the United States now moves this Court for reconsideration of the Court's February 14, 2025 Order arguing that the United States was *not* obligated to remove this action upon certifying that WellSpace was a deemed federal employee. On this basis alone, the United States' motion fails as the Ninth Circuit has explicitly confirmed "an affirmative scope-of-employment certification under subsection (c) obligates the Attorney General to remove the case to federal court." *See Blumberger*, 115 F. 4th at 1119.

Further, the United States argues that it was only entitled to remove upon a determination that the damages sought are not for "personal injury, including death, resulting from the performance of medical, surgical, dental or related functions." 42 U.S.C. § 233(*l*)(1). The latter argument is inappropriate to address at this stage, as the Ninth Circuit confirmed it should be addressed in a hearing on a motion to remand as to whether "the case is one in which a remedy by suit within the meaning of [Section 233(a)] is available against the United States. *Id.;* 42 U.S.C. § 233(c).

It is immaterial whether WellSpace purportedly removed the case prematurely because the United States had an obligation to do so itself. Further, the damages issue raised by the United States will be addressed at the hearing this Court has set for May 29, 2025 pursuant to Section 233(c).

For these reasons and others asserted in more detail below, the Court should deny the United States' motion to for reconsideration here.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## II. RELEVANT FACTUAL SUMMARY

As detailed in WellSpace's Notice of Removal ("Removal Notice"), and in its opposition to Plaintiffs' motion to remand, WellSpace is a federally funded Health Center Program grantee under Section 330(e) of the Public Health Service Act. *See* 42 U.S.C. § 254(b), *et seq.* As such, and at all relevant times herein, WellSpace applied for and received federal status as a "deemed" United States Public Health Service ("PHS") employee for purposes of protection afforded by 42 U.S.C. § 233(a). As such, WellSpace, as a deemed employee under the PHS umbrella, is entitled to immunity from *any* civil action or proceeding resulting from their performance or failure to perform medical or related functions within the scope of its employment. 42 U.S.C. § 233(a), (g), and (h). Importantly, in this action, it is *undisputed* that WellSpace is a deemed federal employee under 42 U.S.C. § 233(a). *See* ECF No. 8-2 ¶ 3.

Plaintiffs' Complaint, filed June 14, 2024, was filed in the Superior Court of the State of California, County of Sacramento. *See* Complaint at Exhibit "A" to Removal Notice (hereinafter as "Complaint"). The Complaint alleges that WellSpace improperly transmitted and disclosed Plaintiffs' and Class Members' confidential protected health information ("PHI") to third party Google LLC d/b/a Google, via tracking pixels installed on WellSpace's website. *See* Complaint ¶¶ 1-3.

On August 21, 2024, after service of the Complaint, WellSpace filed a Notice of Claim with the Department of Health and Human Services ("HHS"). On August 22, 2024, WellSpace, and not the United States, removed this action to federal court under both PHS Law and the federal officer statute. *Id.* On August 29, 2024, the Office of the United States Attorney for the Eastern District of California was notified of the state Court action. *See* ECF No. 8-2. On September 5, 2025, the United States Attorney filed a notice in the state court action confirming WellSpace is a deemed PHS employee. *Id.* ¶ 3. Therein, the United States Attorney did not indicate whether the action sought damages permissible under Section 233(a). *Id.* ¶ 4.

After fully briefing Plaintiff's motion to remand, as well as submitting supplemental briefings on the controlling Ninth Circuit authority *Blumberger v. Tilley*, this Court issued an

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Order on February 14, 2025. *See* ECF No. 29. The Order states, in relevant part, that the United States was required to remove the action upon certifying WellSpace was a deemed PHS employee, as confirmed by the Ninth Circuit in *Blumberger*. *See id.* at 12.

## III. ARGUMENT

To succeed on a motion for reconsideration, a party generally must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Epps v. Mendoza-Powers*, No. CVF051100LJODLBP, 2008 WL 755805, at *1 (E.D. Cal. Mar. 19, 2008). Further, a motion for reconsideration may only be granted where one of the following is shown: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief." *Webb v. Ducart*, No. 17-CV-00330-HSG (PR), 2019 WL 1118120, at *1 (N.D. Cal. Mar. 11, 2019); Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should not be frequently made or freely granted. *Webb*, 2019 WL 1118120, at *1. As detailed below, none of these factors are present here.

### A. *Blumberger v. Tilley* and this Court's February 14, 2025 Order Confirm that the United States was Required to Remove this Action on September 5, 2024.

It is not disputed that WellSpace is a federally funded Health Center Program grantee under Section 330(e) of the Public Health Service Act. *See* 42 U.S.C. § 254(b), *et seq.* Indeed, the Attorney General confirmed that fact in its notice to the state court dated September 5, 2024. *See* ECF. 8-2 ¶ 3.

In *Blumberger*, the Ninth Circuit held that upon confirming a defendant's deemed employment status under PHS, the United States was required to remove the case to federal court. *See Blumberger*, 115 F.4th at 1119; ECF No. 23 at 11. Therein, the Ninth Circuit went on to hold that after an entity is deemed a PHS employee, the issue of whether the action falls within subsection 233(a) should be determined on a subsequent hearing on a motion to remand—just as

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the Court has ordered here. *Blumberger*, 115 F.4th at 1119. Indeed, federal courts have followed the roadmap laid out in *Blumberger* following the September 9, 2024 *Blumberger* decision. *See, e.g., A.H. by and through Guzman v. Khalifa*, 2024 WL 4119690, at *2 (9th Cir. 2024)(holding that Attorney General was required to remove state court action to federal court upon confirming defendant's deeming status, and such removal "would not have precluded the Attorney General from arguing at a ***subsequent hearing in district court*** that the doctors were not acting within the scope of their fictive PHS employment… [the Attorney General] may still seek remand on this basis")(emphasis added); *L.J.C. by and through Cromer v. Dignity Health*, 2024 WL 4648147 at *4 (S.D. Cal. Oct. 31, 2024)("Within the 15 day deadline, the Attorney General was obligated to advise the state court in the affirmative that the [] Defendants had deemed status. The Attorney General should have then removed the case as expeditiously as possible… the parties, including the Government, are "free to contest" whether the [] Defendants were acting within the scope of their employment on a timely motion to remand.")(internal quotations omitted); *Gonzalez v. El Centro Del Barrio*, 2025 WL 542249, at *2 (W.D. Tex. Feb. 6, 2025)("Section 233(c) provides that a civil action filed in state court must be removed by the Attorney General upon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose.")(internal quotations omitted).

As the law is clear on the statutory framework, WellSpace respectfully requests this Court deny the United States motion herein.

**B. There is Important Distinction Between Whether the Instant Action is for Damages under 42 U.S.C. 233(a) and Whether WellSpace is a Deemed PHS Employee, Warranting Removal.**

The United States conflates this Court's two separate holdings in its February 14, 2025 Order. As detailed above, the Court *first* confirmed the Ninth Circuit's holding that upon certifying WellSpace was deemed a PHS employee, the United States was required to remove this action to federal Court. ECF No. 23 at 11. *Second*, and also in line with *Blumberger*, the Court has set a hearing under 42 U.S.C. § 233(c) to determine whether the damages Plaintiffs have

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

sought in this action are for "personal injury, including death, resulting from the performance of medical, surgical, dental or related functions." 42 U.S.C. § 233(a). As such, the United States' arguments that Plaintiff's claims are not within the meaning of Subsection (a) are moot on this motion for reconsideration, as this Court has set a hearing to determine this very issue. *See* ECF No. 29.

Nevertheless, as set forth in WellSpace's Notice of Removal, and in its opposition to Plaintiff's Motion for Remand, and as will be further explained in the supplemental briefing ordered by the Court, WellSpace's maintenance of a Website, Patient Portal, and consequential harboring of Plaintiffs' medical records, protected health information, and other associated sensitive information—all of which is informed by federal mandates and best practices regarding these issues—is "medical, dental, surgical, or related function" under 42 U.S.C. § 233(a). *See, e.g., Doe v. Neighborhood Healthcare,* 2022 WL 17663520, at *8 (S.D. Cal. Sept. 8, 2022)(applying Section 233(a) immunity for an "alleged data breach" based on "related" function of maintaining patients data); *Krandle v. Refuah Health Center, Inc.*, No. 22-CV-4977 (KMK), 2024 WL 1075359 (S.D.N.Y. Mar. 12, 2024) (holding maintaining confidentiality of patient data affords health center immunity pursuant to Section 233(a)); *Mixon v. CareSouth Carolina, Inc.*, 2022 WL 1810615, at *4-8 (D.S.C. June 2, 2022) (finding deemed health center defendant's maintenance of confidential patient records is a "related function" within the meaning of § 233(a) immunity, regardless of whether the party alleging a failure to do so is an individual plaintiff or a putative class of patients); *Ford v. Sandhills Med. Found., Inc.*, 2022 WL 1810614, at *4 (D.S.C. June 2, 2022). WellSpace will set forth this argument in more detail in its briefing on April 29, 2025. *See* ECF No. 29 (permitting parties to submit supplemental briefings on the issue of whether the action falls within the scope of Section 233(a)).

**C. The United States Has Not Met its Burden on a Motion for Reconsideration**

As set forth in its own motion papers, the United States has not asserted any new facts in support of its motion for reconsideration, nor cited any new authority in support of its position that this Court erred in its February 14, 2025 Order. In fact, it does not cite any authority at all outside *Blumberger*, which directly contradicts its position. As relief through a motion for reconsideration is disfavored barring some extraordinary circumstance—which does not exist here—such relief is not appropriate in this case.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, WellSpace respectfully requests this Court deny the United States' motion in motion for reconsideration.

Dated: April 4, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: <u>*/s/ Justin M. Holmes*</u>
Justin M. Holmes, Esq., *pro hac vice*
Alexandra Mormile, Esq., *pro hac vice*
Reid Dammann, Esq.
Attorneys for Defendant
WELLSPACE HEALTH

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071