MICHELE BECKWITH
Acting United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail: joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA MIXON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLSPACE HEALTH,<br><br>Defendant. | No. 2:24-cv-02290-DJC-CSK<br><br>**REPLY IN SUPPORT OF UNITED STATES' MOTION FOR RECONSIDERATION**<br><br><u>Hearing on Motion</u><br><br>Date: May 29, 2025<br><br>Time: 1:30 p.m.<br><br>Location: Courtroom 7, Fourteenth Floor<br>United States Courthouse<br>501 I Street<br>Sacramento, CA 95814 |

According to this Court's Order dated February 14, 2025 (ECF 23), health centers and their employees can remove cases to federal district court under 42 U.S.C. § 233(*l*)(2) without first providing notice to the Attorney General, and without waiting the requisite 15 days after that notice, so long as the Attorney General would have been obligated to remove the case after appearing in state court under § 233(*l*)(1). This approach is contrary to the statute's explicit command, as well as "the well-established premise that the removal statutes are to be strictly construed." *Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 922 (9th Cir. 2013); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (holding that "the statutory procedures for removal are to be strictly construed").[1]

This approach also renders the framework in § 233(*l*) a nullity. It invites health centers and their employees to remove suits from state court to federal court immediately as a matter of course, and then require district courts to posit what the Attorney General would have done in the first instance. Although this burden "may be slight in an individual case," § 233(*l*) applies to a "vast multitude of claims,"[2] and the "orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Cf. McNeil v. United States*, 508 U.S. 106, 112 (1993).

Neither this Court nor WellSpace has identified any authority for overlooking the prerequisites for removal in § 233(*l*)(2), other than the Ninth Circuit's decision in *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024). In *Blumberger*, however, a physician at a health center removed a medical-malpractice suit to federal court *after* the Attorney General received notice, appeared in state court, and declined to remove the case. *Id.* at 1134.

On appeal, the Ninth Circuit inferred that the Attorney General declined to remove the case because the physician "was not acting within the scope of his employment at the time of the incident." *Id.* The Ninth Circuit proceeded to clarify that a scope-of-employment determination was not required to trigger the Attorney General's removal obligation after appearing in state court per § 233(*l*)(1). *Id.*

---

[1] *See also, e.g.*, *Sherman v. Sinha*, 843 F. App'x 870, 873 (9th Cir. 2021) (holding that a premature removal under § 233(*l*)(2) "did not properly invoke the district court's jurisdiction"); *Babbitt v. Dignity Health*, No. 18-6528, 2018 WL 6040472, at *4 (C.D. Cal. Nov. 19, 2018) (holding that a premature removal under § 233(*l*)(2) was not "harmless" or "excusable" and required remand even where "the 15-day period ultimately elapsed without the Government making any appearance").

[2] In 2015 alone, there were over 10,000 unique health-center sites providing care to 24.3 million people. Elayne J. Heisler, Cong. Rsch. Serv., R43937, Federal Health Centers: An Overview 1 (2017).

at 1131–34. The Ninth Circuit thus vacated the district court's remand order, "applying the discretion afforded to appellate courts when fashioning remand remedies." *Id.* at 1139–40. The Ninth Circuit expressly "decline[d] to consider" whether the physician's removal under § 233(*l*)(2) was proper; whether the Attorney General had "fail[ed] to appear" for purposes of § 233(*l*)(2); or whether, even if removal under § 233(*l*)(2) had been available to the physician, he was required to remove within 30 days of the Attorney General's purported failure to appear. *Id.* at 1140; *see also A.H. v. Khalifa*, No. 22-56061, 2024 WL 4119690, at *1 (9th Cir. Sept. 9, 2024) (similarly declining to decide whether the Attorney General must give a "definitive answer in its first appearance in state court").

All told, *Blumberger* narrowly held that the Attorney General's obligation to appear and advise the state court under § 233(*l*)(1) does not include a scope-of-employment determination. *Blumberger* does not authorize district courts to overlook the statutory prerequisites for a health center to remove an action to federal district court under § 233(*l*)(2). *Babbitt v. Dignity Health*, No. 24-9145, 2025 WL 71824, at *1 (C.D. Cal. Jan. 8, 2025) (holding that "removal after only 11 days ran afoul of the clear '15 day' language of section 233, and the publishing of the *Blumberger* opinion did not change that").

Moreover, while *Blumberger* dispensed with a scope-of-employment analysis, *Blumberger* confirmed that the Attorney General's positive advice and removal obligation is triggered only "when the employee was deemed for the time period at issue *and the lawsuit arises out of a class or category of medical conduct for which the employee was deemed*." 115 F.4th at 1127 (emphasis added); *see id.* at 1133 ("[T]he Attorney General was obligated to advise the state court whether the Secretary had deemed Dr. Tilley to be a PHS employee during 2018 *and whether the complaint arose out of 'the performance of medical, surgical, dental, or related functions*.'" (quoting 42 U.S.C. § 233(a)) (emphasis added)).[3]

[3] *See also, e.g.*, *Blumberger*, 115 F.4th at 1129 ("[T]he statute's text and structure generally favor a reading of subsection (*l*)(1) that requires the Attorney General to advise the state court whether the employee was deemed a PHS employee by the Secretary for the relevant time period *and was providing the categories of medical services for which he was deemed*." (emphasis added)); *id.* at 1130 (stating "the Attorney General must notify the state court whether the defendant was deemed during the relevant time period *and whether the complaint arises out of the performance of services listed*" in § 233(a) or § 233(g)(5)(B) (emphasis added)); *id.* at 1133 ("[I]t makes more sense to construe § 233(*l*)(1) as requiring a simple up-down certification to the state court that the defendant has been deemed a PHS employee for the time period in question *with respect to the category of services identified in the complaint*." (emphasis added)).

"The Attorney General may reply in the negative"—and thus decline to remove a case to federal court—"if the acts or omissions identified in the complaint fall outside the category of services for which the defendant is deemed." *Id.* at 1130.

That is precisely what happened here. Unlike the medical-malpractice complaint in *Blumberger*, the Complaint in this case does not seek damages described in § 233(a), and thus the Attorney General was not required to remove it. *See* Brief of the United States (ECF 22), at 10–15.

This Court's Order presumed that, notwithstanding WellSpace's premature removal, the Attorney General would have been required to remove this action. *See* ECF 23, at 12:21–12:28. But, as *Blumberger* reiterates, the Attorney General is not required to remove any and all state-court actions against health centers and their employees (such as employment-discrimination or wage-and-hour disputes) merely because the Secretary of Health and Human Services "deemed" them to be Public Health Service employees for the relevant calendar year. The suit also must be for damages resulting from "the performance of medical, surgical, dental, or related functions." The Court's Order did not address this aspect of the Attorney General's advice and removal obligation. A faithful application of *Blumberger* would address this point in the context of § 233(*l*)(1)—not in a subsequent hearing or proceeding under 42 U.S.C. § 233(c).

WellSpace's Opposition (ECF 32) offers nothing to refute these points. Rather, WellSpace conflates the Attorney General's scope-of-employment determination (which can be decided after removal) with whether the complaint is for damages resulting from the performance of medical, surgical, dental, or related functions—which is a *prerequisite* for removal.

* * *

For the foregoing reasons, the United States' Motion for Reconsideration should be granted.

Dated: April 18, 2025

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

By: /s/ *Joseph B. Frueh*
JOSEPH B. FRUEH
Assistant United States Attorney

Attorneys for the United States