MICHELE BECKWITH
Acting United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail: joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA MIXON, *et al.*,<br>Plaintiffs,<br>v.<br>WELLSPACE HEALTH,<br>Defendant. | No. 2:24-cv-02290-DJC-CSK<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY RE: UNITED STATES' MOTION FOR RECONSIDERATION (ECF 30)**<br><br><u>Hearing on Motion</u><br><br>Date: May 29, 2025<br><br>Time: 1:30 p.m.<br><br>Location: Courtroom 7, Fourteenth Floor<br>United States Courthouse<br>501 I Street<br>Sacramento, CA 95814 |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 230(m)(2), the United States brings to the Court's attention a relevant judicial opinion issued after the United States filed its Reply brief contending that the Court's Order dated February 14, 2025, should be reconsidered. *See* ECF 23, 30, 33. The judicial opinion is *Lockhart v. El Centro del Barrio*, --- F. Supp. 3d ----, No. 23-1156, 2025 WL 1161464 (W.D. Tex. Apr. 21, 2025), and the relevant portion of the opinion is excerpted below.

> As mentioned several times, while *Blumberger* might provide guidance in medical malpractice cases, it is distinguishable in the current context. Nothing in *Blumberger* permits CentroMed to remove the case. Even if the Attorney General was obligated to advise the state court in the affirmative of Defendant's deemed status with respect to the relevant actions or omissions, such obligation also obligates the government to remove the case to federal court in accordance with § 233(c), not that the defendant may remove the case. Due to the unusual circumstances [in *Blumberger*] and given that the advice requirement of § 233(*l*)(1) was subject to different interpretations, each one plausible, the Ninth Circuit declined to consider whether Defendant's removal under § 233(*l*)(2) was improper.
>
> . . . .
>
> It appears, furthermore, that the United States could have definitively answered in the negative [here] because even though Defendant may have been deemed a PHS employee for the relevant time-period, the Secretary had not deemed Defendant as such an employee with respect to the category of services identified in the complaint. Unlike, *Blumberger*, this is not medical malpractice case that falls within § 233(a)'s "medical, surgical, dental, or related functions." This is a data breach action that does not invoke application of § 233(a). *Blumberger* specifically permits the Attorney General to advise in the negative if the acts or omissions identified in the complaint fall outside the category of services for which the defendant is deemed.
>
> Here the United States proceeded cautiously at first by not advising whether Defendant's deemed status extended to the acts or omissions at issue in the civil action. Approximately a month later, the United States declined Defendant's request for the government to intervene by informing Defendant that the civil action did not fall within the bounds of § 233(a). Shortly thereafter, the United States advised the state court through a supplemental notice that Defendant "was not deemed to be a Public Health Service employee for purposes of the acts or omissions giving rise to the suit and this action therefore is not subject to the provisions of 42 U.S.C. § 233." Despite that supplemental notice, Defendant itself removed the action to this Court about three weeks later.
>
> Defendant's removal was not proper under § 233(c). That subsection only provides the authority to the Attorney General to remove the action. Nor was Defendant's removal proper under § 233(*l*)(2). That provision permits removal only when the Attorney General fails "to appear and advise" the state court within fifteen days. The Attorney General did appear and advise within the relevant

> timeframe. The Court will not convert an "under consideration" advisement into a failure to advise under the circumstances of this case.
>
> Improper removal under § 233 is a jurisdictional defect that requires the federal court to remand the case to state court unless the defendant establishes a proper jurisdictional basis for removal. And even applying *Blumberger*'s interpretation, the Attorney General was not mandated by the combination of § 233(c) and (*l*)(2) to remove the action. In these circumstances, the proper remedy is to remand the action to state court unless there is some other jurisdictional basis for the removal.

*Id.* at *7–8 (cleaned up).

Dated: April 25, 2025

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

By: /s/ *Joseph B. Frueh*
JOSEPH B. FRUEH
Assistant United States Attorney

Attorneys for the United States