UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA MIXON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLSPACE HEALTH,<br><br>Defendant. | No. 2:24-cv-02290-DJC-CSK<br><br><br><br>ORDER |

At issue before the Court is whether to remand this matter removed under 42 U.S.C. § 233 because Defendant's alleged actions do not fall within the provisions of section 233(a), which provides federal immunity to certain healthcare providers for damages resulting from their performance of "medical, surgical, dental, or related functions."  Defendant, a healthcare services provider who is charged with implementing data-tracking software on their website without users' knowledge and utilizing that data to improve their marketing, argues their conduct qualifies as a "related function[]" under section 233(a) because they collect users data in conjunction with their provision of healthcare services on their website.  Plaintiffs, in turn, argue Defendant does not perform a "related function[]" because the data they collect is used for marketing, not healthcare, purposes.

As discussed further below, the Court finds that Defendant's use of data-tracking software on its website is not a "medical, surgical, dental, or related function[]" under section 233(a), and, as such, Defendant is not entitled to federal immunity for Plaintiffs' claims. Accordingly, the Court will remand this action to the Sacramento County Superior Court.

## BACKGROUND

The Parties are familiar with the factual and procedural background of this case as set forth in the Court's prior Order. (Order (ECF No. 23) at 2–3.) As is relevant here, Plaintiffs Latasha Mixon and Rosana Korman allege that Defendant WellSpace Health has enabled Google Analytics to collect data, including confidential health information, from users who access Defendant's website, and that Defendant uses this data to improve its marketing efficacy and revenue. (ECF No. 1-1.) Defendant removed this matter from Sacramento County Superior Court on August 22, 2024, under 28 U.S.C. § 1442(a)(1) and 42 U.S.C. § 233(*l*)(2). (ECF No. 1.) Plaintiffs moved to remand, arguing removal was procedurally and substantively improper under both section 1442(a)(1) and section 233(*l*)(2). (ECF No. 8.)

The Court found that Defendant's removal under section 1442(a)(1) was deficient because Defendant had not demonstrated it was acting under the direction of a federal officer when it adopted and used Google Analytics. (Order at 3–10.) The Court also found that removal under section 233(*l*)(2) was premature. (*Id.* at 11.) However, the Court held that Defendant's "procedural error in removing this action too soon under section 233(*l*)(2) is moot" because, under the precedent set forth in *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024), the "Attorney General was required to remove the action upon appearing in the state court action under section 233(*l*)(1) and certifying that the Defendant was a deemed employee of the PHS." (*Id.* at 10–13.) Accordingly, the Court stayed its ruling on the Motion to Remand, ordered the Parties to provide supplemental briefing on whether remand was appropriate under 42 U.S.C. § 233(c), and set a hearing for May 29, 2025. (*Id.* at 13; ECF No. 29.)

On March 14, 2025, the United States Attorney for the Eastern District of California ("U.S. Attorney") filed a Motion for Reconsideration, arguing the Court should reconsider its ruling concerning removal under section 233(*l*)(2) and remand the case. (Mot. Reconsideration (ECF No. 30).) The U.S. Attorney, Plaintiffs, and Defendant also filed the requested supplemental briefing. (U.S. Suppl. Br. (ECF No. 35); Def.'s Suppl. Br. (ECF No. 36); Pls.' Suppl. Br. (ECF No. 37).)

The Court held a hearing on May 29, 2025, with Joseph Frueh appearing for the United States, Timothy LaComb appearing for Plaintiffs, and Justin Holmes appearing for Defendant. The Court took the matter under submission.

## DISCUSSION

The United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the Court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (cleaned up). The Federal Tort Claims Act ("FTCA") represents a limited waiver of federal sovereign immunity and allows the United States to be held liable for the torts of its employees. *See Brownback v. King*, 592 U.S. 209, 212 (2021). The FTCA provides the exclusive remedy for torts committed by federal employees acting within the scope of their employment. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

Under the Federally Supported Health Centers Assistance Act, healthcare providers that are "deemed" to be United States Public Health Service employees by the Department of Health and Human Services are entitled to immunity under the FTCA from any civil action or proceeding resulting from their performance or failure to perform medical or related functions within the scope of their employment. *See* 42 U.S.C. §§ 233(a), (g). In particular, section 233(a) immunizes claims for "personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions" by any "employee of the Public Health Service while acting within the scope of his office or employment." When immunity under section 233(a) applies,

1  the United States is substituted as the defendant and the action proceeds as one
2  brought under the FTCA.  *See id.* § 233(a).
3      The FTCA's applicability is not automatic.  Rather, U.S. Attorneys–in accordance
4  with the Attorney General's delegation of such duties–evaluate when a lawsuit's
5  alleged actions or omissions trigger the FTCA's coverage.  42 U.S.C. §§ 233(b)–(*l*).  If a
6  healthcare provider is sued in state court, there are two avenues for the case's removal
7  to federal court: (1) the Attorney General can remove the case after certifying the
8  defendant "is deemed to be an employee of the Public Health Service for purposes of
9  this section with respect to the actions or omissions that are the subject of such civil
10 action or proceeding"; or (2) the healthcare provider can remove the case on its own if
11 the Attorney General fails to appear within 15 days of receiving notice of the case.
12 *See id.* §§ 233(*l*)(1)–(2).
13     Once a case is removed to federal court, however, remand may still be
14 appropriate under 42 U.S.C. § 233(c) if a district court "determine[s] on a hearing on a
15 motion to remand held before a trial on the merit that the case so removed is one in
16 which a remedy by suit within the meaning of [42 U.S.C. § 233(a)] is not available
17 against the United States . . . ."  *See also Blumberger*, 115 F.4th at 1134 ("[I]f the
18 Attorney General advises that the defendant was deemed with respect to the actions
19 or omissions giving rise to the suit . . . [t]he Attorney General may then seek a hearing
20 on a motion to remand arguing that the case so removed is one in which a remedy by
21 suit within the meaning of subsection (a) . . . is not available because the defendant
22 was not acting within the scope of his office or employment.") (cleaned up).
23     Here, the Parties dispute whether this case falls within the immunity provision of
24 42 U.S.C. § 233(a).  In particular, the U.S. Attorney and Plaintiffs argue the immunity
25 conferred by section 233(a) is limited to damages "resulting from the performance of
26 medical, surgical, dental, or related functions."  They contend the scope of this
27 immunity does not extend to the injuries alleged here, which stem from Defendant's
28 use of Google Analytics to collect users' data for marketing purposes, as well as

Defendant's disclosure of that data to Google, because Defendant's use of data-tracking software was unrelated to their provision of any healthcare services. (U.S. Suppl. Br. at 4–6; Pls.' Suppl. Br. at 3–9.) Defendant, in turn, argues that Plaintiffs' claims arise out of Defendant's provision of healthcare services because Plaintiffs' data was collected in conjunction with their use of Defendant's website to access healthcare. (Def.'s Suppl. Br. at 4–6.) Defendant argues that, "[c]ontrary to the position of the United States and Plaintiffs that the use of Tracking Technology on a Website is not a 'related function,' the persuasive caselaw on this issue demonstrates that the confidentiality of sensitive information/[protected health information ("PHI")] is covered—especially here, where the allegations are that the improper transmittal of said sensitive PHI was *occurring simultaneously with the provision of medical functions*." (*Id.* at 6–8 (emphasis in original).)

The Court finds that Defendant's use of Google Analytics was not a "medical, surgical, dental, or related function[]" within the meaning of 42 U.S.C. § 233(a). Clearly, the use of Google Analytics is not in and of itself a medical, surgical, or dental function. Therefore, to fall within the purview of section 233(a), it must be a "related" function. The statute does not define "related function[]." Thus, the Court must "begin with the plain meaning" of the terms. *In re Bonner Mall P'ship*, 2 F.3d 899, 908 (9th Cir. 1993). Here, the word "related" is defined as "[c]onnected in some way" or "having relationship to or with something else." *Related, Black's Law Dictionary* (12th ed. 2024). In addition, the word "function" is defined as an "[a]ctivity that is appropriate to a particular business or profession." *Function, Black's Law Dictionary* (12th ed. 2024). Under these definitions, a "related function[]" under section 233(a) is an activity that is appropriate and has a connection or relationship to the performance of medical, surgical, or dental care.

In addition, where, as here, a statute contains a catchall term at the end of a list, the Court may rely on the related principles of *noscitur a sociis* and *ejusdem generis* to "cabin the contextual meaning" of the term, and to "avoid ascribing to [that term] a

meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress." *Yates v. United States*, 574 U.S. 528, 543–45 (2015) (plurality opinion) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995)). The canon *noscitur a sociis*—"a word is known by the company it keeps"— provides that words grouped together should be given related meaning. *Id.* at 543. Here, the catchall phrase is grouped with three specific terms related to the provision of healthcare. It follows that the more general term should be limited to the provision of healthcare as well. A related canon, *ejusdem generis*, likewise supports this interpretation of the catchall term. Courts apply this canon when interpreting general terms at the end of a list of more specific ones. *Id.* at 545. In such a case, "the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 109, 114-15 (2001) (quoting 2A Norman J. Singer, *Sutherland on Statutes and Statutory Construction* § 47.17 (1991)). Accordingly, the general term "related functions" must be interpreted as referring to functions that are similar in nature to the performance of medical, surgical, and dental functions. *Accord Ford v. Sandhills Medical Foundation, Inc.*, 97 F.4th 252, 259–60 (4th Cir. 2024) (finding that a "related" function is an "activity particularly fitted to whatever is connected to whatever proceeds the phrase . . . [i.e., the] words that come before it" such that a "related function[]" under section 233(a) refers to "a field of health care outside of medicine, surgery, or dentistry").

Here, Defendant's decision to use data-tracking software was not fitted or connected to their provision of healthcare. That users' data was collected at the same time users accessed Defendant's website to access healthcare services is of little consequence. Defendant used Google Analytics, a tool used by multiple industries outside the healthcare realm, to improve their marketing and revenue by collecting data from all visitors to their website, patients and nonpatients alike. Thus, Defendant's collection of this data and their provision of healthcare services was

6

largely incidental, as the data collected neither assisted in the functionality of the website nor was required for Defendant's provision of healthcare. Given these facts, the Court cannot conclude that Defendant's use of Google Analytics was a "related function[]" to their provision of healthcare services.

Finally, although the Ninth Circuit has not precisely defined the meaning of "related function[]," the court's discussion in *Friedenberg v. Lane County*, 68 F.4th 1113 (9th Cir. 2023) bolsters this Court's conclusion. Notably, in *Friedenberg*, the Ninth Circuit explained that, for a lawsuit to fall "within the ambit of [section] 233," the legal duty allegedly violated must be "tied to [the defendants'] status as medical health professionals," and the defendants' allegedly wrongful conduct must have a "*distinct* connection" with the provision of health care. *Id.* at 1130 (emphasis added). Plaintiffs' claims against Defendant do not satisfy either requirement, as they neither turn on Defendant's status as a health care provider, nor does the conduct alleged have a distinct connection with the provision of healthcare.

Accordingly, the Court holds that Defendant's conduct does not fall within the immunity provisions of 42 U.S.C. § 233(a), and that remand is warranted. In light of this ruling, the Court also finds that the U.S. Attorney's Motion for Reconsideration is moot.

## CONCLUSION

In accordance with the above, IS IT HEREBY ORDERED that Plaintiffs' Motion to Remand (ECF No. 8) is GRANTED, and the U.S. Attorney's Motion for Reconsideration (ECF No. 30) is DENIED as moot. This case is REMANDED to the Sacramento County Superior Court.

IT IS SO ORDERED.

Dated: __**July 3, 2025**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

7